**FILED**
CLERK, U.S. DISTRICT COURT

03/24/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TJ _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>        v.<br><br>VINCENT YEN TEK CHIU,<br><br>     Defendant. | CR No. 19-00393(A)-JAK-1<br><br><u>JURY INSTRUCTIONS</u><br><br>   **"REDACTED"** |

**INSTRUCTION NO. 38**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 39

The superseding indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## INSTRUCTION NO. 40

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1

**<u>INSTRUCTION NO. 41</u>**

2    In reaching your verdict you may consider only the testimony and

3 exhibits received in evidence.  The following things are not evidence

4 and you may not consider them in deciding what the facts are:

5    (1) questions, statements, objections, and arguments by the

6 lawyers are not evidence.  The lawyers are not witnesses.  Although

7 you must consider a lawyer's questions to understand the answers of a

8 witness, the lawyer's questions are not evidence.  Similarly, what

9 the lawyers have said in their opening statements, will say in their

10 closing arguments, and at other times is intended to help you

11 interpret the evidence, but it is not evidence.  If the facts as you

12 remember them differ from the way the lawyers state them, your memory

13 of them controls.

14    (2) any testimony that I have excluded, stricken, or instructed

15 you to disregard is not evidence.  In addition, some evidence was

16 received only for a limited purpose; when I have instructed you to

17 consider certain evidence in a limited way, you must do so.

18    (3) anything you may have seen or heard when the court was not

19 in session is not evidence.  You are to decide the case solely on the

20 evidence received at the trial.

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 42**

2   In deciding the facts in this case, you may have to decide which

3   testimony to believe and which testimony not to believe.  You may

4   believe everything a witness says, or part of it, or none of it.

5   In considering the testimony of any witness, you may take into

6   account:

7   (1) the opportunity and ability of the witness to see or hear or

8   know the things testified to;

9   (2) the witness's memory;

10   (3) the witness's manner while testifying;

11   (4) the witness's interest in the outcome of the case, if any;

12   (5) the witness's bias or prejudice, if any;

13   (6) whether other evidence contradicted the witness's testimony;

14   (7) the reasonableness of the witness's testimony in light of

15   all the evidence; and

16   (8) any other factors that bear on believability.

17   Sometimes a witness may say something that is not consistent

18   with something else he or she said.  Sometimes different witnesses

19   will give different versions of what happened.  People often forget

20   things or make mistakes in what they remember.  Also, two people may

21   see the same event but remember it differently.  You may consider

22   these differences, but do not decide that testimony is untrue just

23   because it differs from other testimony.

24   However, if you decide that a witness has deliberately testified

25   untruthfully about something important, you may choose not to believe

26   what that witness said.  On the other hand, if you think the witness

27   testified untruthfully about some things but told the truth about

28

5

others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## <u>INSTRUCTION NO. 55</u>

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

## <u>INSTRUCTION NO. 44</u>

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

**INSTRUCTION NO. 45**

The superseding indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the superseding indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

### <u>INSTRUCTION NO. 21</u>

You have heard testimony from undercover agents and informants who were involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

**<u>INSTRUCTION NO. 54</u>**

You have heard testimony from **REDACTED** and **REDACTED**, who were informants in this case.

For this reason, in evaluating the testimony of **REDACTED** and **REDACTED**, you should consider the extent to which or whether their testimony may have been influenced by this factor. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

**<u>INSTRUCTION NO. 22</u>**

You have heard testimony from Steve Paris, Susan Ziegler, and Rochelle A. Hranac, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**<u>INSTRUCTION NO. 14</u>**

You have heard a recording that has been received in evidence. Each of you was shown a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling.

**<u>INSTRUCTION NO. 17</u>**

You have heard evidence that was received for a limited purpose. I instruct you that this evidence was admitted only for that limited purpose and you must consider it only for that limited purpose and not for any other purpose.

1

**<u>INSTRUCTION NO. 19</u>**

2      You have heard testimony that the defendant made a statement. It
3  is for you to decide (1) whether the defendant made the statement,
4  and (2) if so, how much weight to give to it. In making those
5  decisions, you should consider all the evidence about the statement,
6  including the circumstances under which the defendant may have made
7  it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>INSTRUCTION NO. 18</u>**

For reasons that do not concern you, the case against codefendant VORACHACK is no longer before you. Do not speculate why. This fact should not influence your verdicts with reference to defendant CHIU, and you must base your verdicts solely on the evidence against defendant CHIU.

1

## INSTRUCTION NO. 27

2      An act is done knowingly if the defendant is aware of the act

3 and does not act through ignorance, mistake, or accident. The

4 government is not required to prove that the defendant knew that his

5 or her acts or omissions were unlawful. You may consider evidence of

6 the defendant's words, acts, or omissions, along with all the other

7 evidence, in deciding whether the defendant acted knowingly.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>INSTRUCTION NO. 28</u>

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1

## INSTRUCTION NO. 30

2    The defendant is charged in Count One of the Superseding

3    Indictment with conspiracy to distribute and to possess with intent

4    to distribute cocaine and 3, 4-Methylenedioxyamphetamine ("MDMA" or

5    "ecstasy"), in violation of Section 841(a) and Section 846 of Title

6    21 of the United States Code.  For the defendant to be found guilty

7    of that charge, the government must prove each of the following

8    elements beyond a reasonable doubt:

9    First, beginning on or about an unknown date and ending on or

10   about July 2, 2019, there was an agreement between two or more

11   persons to distribute or to possess with intent to distribute a

12   controlled substance;

13   Second, the defendant joined in the agreement knowing of its

14   purpose and intending to help accomplish that purpose; and

15   Third, the defendant was not entrapped.

16   "To distribute" means to deliver or transfer possession of a

17   controlled substance to another person, with or without any financial

18   interest in that transaction.

19   "To possess with intent to distribute" means to possess with

20   intent to deliver or transfer possession of a controlled substance to

21   another person, with or without any financial interest in that

22   transaction.

23   A conspiracy is a kind of criminal partnership—an agreement of

24   two or more persons to commit one or more crimes. The crime of

25   conspiracy is the agreement to do something unlawful; it does not

26   matter whether the crime agreed upon was committed.

27   For a conspiracy to have existed, it is not necessary that the

28   conspirators made a formal agreement or that they agreed on every

detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Superseding Indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.

Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

1

**INSTRUCTION NO. 32**

2      Count Two of the Superseding Indictment charges the defendant

3  with conspiring to export cocaine, in violation of Sections 953(a),

4  960(a)(1), and 963 of Title 21 of the United States Code.  For the

5  defendant to be found guilty of that charge, the government must

6  prove each of the following elements beyond a reasonable doubt:

7      First, beginning on or about an unknown date and ending on or

8  about July 2, 2019, there was an agreement between two or more

9  persons to export cocaine from the United States to a place outside

10  of the United States;

11      Second, the defendant joined in the agreement knowing of its

12  purpose and intending to help accomplish that purpose; and

13          Third, the defendant was not entrapped.

14      A conspiracy is a kind of criminal partnership—an agreement of

15  two or more persons to commit one or more crimes.  The crime of

16  conspiracy is the agreement to do something unlawful; it does not

17  matter whether the crime agreed upon was committed.

18      For a conspiracy to have existed, it is not necessary that the

19  conspirators made a formal agreement or that they agreed on every

20  detail of the conspiracy. It is not enough, however, that they simply

21  met, discussed matters of common interest, acted in similar ways, or

22  perhaps helped one another. You must find that there was a plan to

23  commit at least one of the crimes alleged in the Indictment as an

24  object or purpose of the conspiracy with all of you agreeing as to

25  the particular crime which the conspirators agreed to commit.

26      One becomes a member of a conspiracy by willfully participating

27  in the unlawful plan with the intent to advance or further some

28  object or purpose of the conspiracy, even though the person does not

1    have full knowledge of all the details of the conspiracy.

2         Furthermore, one who willfully joins an existing conspiracy is

3    as responsible for it as the originators. On the other hand, one who

4    has no knowledge of a conspiracy, but happens to act in a way which

5    furthers some object or purpose of the conspiracy, does not thereby

6    become a conspirator. Similarly, a person does not become a

7    conspirator merely by associating with one or more persons who are

8    conspirators, nor merely by knowing that a conspiracy exists.

1

**INSTRUCTION NO. 31**

2      If you find the defendant guilty of Counts One and/or Two of the
3  Superseding Indictment, you are then to determine whether certain
4  amounts of controlled substances fell within the scope of the
5  conspiracy and were attributable to the defendant.

6      First, you must determine whether the government proved beyond a
7  reasonable doubt that the conspiracy involved at least 5 kilograms of
8  a mixture and substance containing a detectable amount of cocaine and
9  that the defendant either (a) personally agreed to, or encouraged,
10  transactions involving at least 5 kilograms of a mixture or substance
11  containing a detectable amount of cocaine, or (b) reasonably could
12  have foreseen that the conspiracy involved at least 5 kilograms of a
13  mixture or substance containing a detectable amount of cocaine.

14      Second, if you answer that question in the negative, you must
15  determine whether the government proved beyond a reasonable doubt
16  that the conspiracy involved at least 500 grams of a mixture and
17  substance containing a detectable amount of cocaine and that the
18  defendant either (a) personally agreed to, or encouraged,
19  transactions involving at least 500 grams of a mixture or substance
20  containing a detectable amount of cocaine, or (b) reasonably could
21  have foreseen that the conspiracy involved at least 500 grams of a
22  mixture or substance containing a detectable amount of cocaine.
23  Your determination of weight must not include the weight of any
24  packaging material. Your decision as to weight must be unanimous.

25      The government does not have to prove that the defendant knew
26  the quantity of cocaine.

27

28

**INSTRUCTION NO. 29**

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant or other conspirators in the overall scheme, defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, that defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired;

Third, that defendant had reason to believe that whatever benefits defendant might get from the conspiracy were probably dependent upon the success of the entire venture; and

Fourth, the defendant was not entrapped.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

**<u>INSTRUCTION NO. 36</u>**

A conspiracy may be proven by circumstantial evidence and may exist without a formal agreement. The elements may therefore be established by evidence of coordinated activities between the defendants.

In determining whether a particular defendant was a member of a charged conspiracy, you may consider and weigh all of the evidence presented at trial, including, without limitation, the defendant's own conduct and actions, the defendant's own statements and declarations, and the acts and statements of other alleged co-conspirators that were made during the course of the conspiracy and in furtherance of it.

**INSTRUCTION NO. 37**

The government is not required to prove that the parties to, or members of, the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

1

**INSTRUCTION NO. 33**

2     Defendant CHIU is charged in Counts Five, Six and Seven of the
3 Superseding Indictment with distribution of cocaine (Count Five),
4 heroin (Count Six), and 3,4-Methylenedioxyamphetamine (Count Seven),
5 all of which are alleged to be in violation of Section 841(a)(1) of
6 Title 21 of the United States Code. For the defendant to be found
7 guilty of one or more of these charges, the government must prove
8 each of the following elements beyond a reasonable doubt:

9     First, the defendant knowingly distributed each controlled
10 substance;

11     Second, the defendant knew that it was each controlled substance
12 or some other federally controlled substance; and

13     Third, the defendant was not entrapped.

14     "Distributing" means delivering or transferring possession of
15 each controlled substance to another person, with or without any
16 financial interest in that transaction.

17     The government is not required to prove the amount or quantity
18 of each controlled substance. It need only prove beyond a reasonable
19 doubt that there was a measurable or detectable amount of each
20 controlled substance.

21
22
23
24
25
26
27
28

**INSTRUCTION NO. 26**

The defendant may be found guilty of distributing cocaine, heroin, or 3,4 Methylenedioxyamphetamine, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove the defendant guilty of distributing cocaine, heroin, or 3,4 Methylenedioxyamphetamine by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

(1)   someone else committed the distribution of cocaine, heroin, or 3,4 Methylenedioxyamphetamine;

(2)   the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of distribution of cocaine, heroin, or 3,4 Methylenedioxyamphetamine;

(3)   the defendant acted with the intent to facilitate the distribution of cocaine, heroin, or 3,4 Methylenedioxyamphetamine;

(4)   the defendant acted before the crime was completed; and

(5)   the defendant was not entrapped.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the distribution of cocaine, heroin, or 3,4 Methylenedioxyamphetamine.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**INSTRUCTION NO. 34**

If you find defendant CHIU guilty of Count Five of the Superseding Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the controlled substance in the count equaled or exceeded 5 kilograms of a mixture or substance containing a detectable amount of cocaine.  If you answer that question in the negative, then you are to determine whether the government proved beyond a reasonable doubt that the controlled substance in the count equaled or exceeded 500 grams of a mixture or substance containing a detectable amount of cocaine.  Your determination of weight must not include the weight of any packaging material.  Your decision as to weight must be unanimous.

The government does not have to prove that defendant knew the quantity of cocaine.

**INSTRUCTION NO. 35**

If you find defendant CHIU guilty of Count Six of the Superseding Indictment, you are then to determine whether the government proved beyond a reasonable doubt that the controlled substance in the count equaled or exceeded 1 kilogram of a mixture or substance containing a detectable amount of heroin. If you answer that question in the negative, then you are to determine whether the government proved beyond a reasonable doubt that the controlled substance in the count equaled or exceeded 100 grams of a mixture or substance containing a detectable amount of heroin. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

The government does not have to prove that defendant knew the quantity of heroin.

1

**INSTRUCTION NO. 52**

2    The defendant contends he acted under duress at the time of
3  the crimes charged. Duress legally excuses the crimes specified in
4  Counts One, Two, Five, Six, and Seven.

5    The defendant must prove duress by a preponderance of the
6  evidence. A preponderance of the evidence means that you must be
7  persuaded that the things the defendant seeks to prove are more
8  probably true than not true. This is a lesser burden of proof than
9  the government's burden to prove beyond a reasonable doubt each
10 element of the crimes specified in Counts One, Two, Five, Six, and
11 Seven.

12    A defendant acts under duress only if at the time of the
13 crime charged:

14    1.   there was a present, immediate, or impending threat of
15 death or serious bodily injury to the defendant or a family member of
16 the defendant if the defendant did not commit or participate in the
17 commission of the crime;

18    2.   the defendant had a well-grounded fear that the threat
19 of death or serious bodily injury would be carried out; and

20    3.   the defendant had no reasonable opportunity to escape
21 the threatened harm.

22    If you find that each of these things has been proved by a
23 preponderance of the evidence, you must find the defendant not
24 guilty.

25

26

27

28

1

2                        **INSTRUCTION NO. 53**

3        The defendant contends that he was entrapped by a government

4   agent. The government has the burden of proving beyond a reasonable

5   doubt that the defendant was not entrapped. The government must prove

6   either:

7        1. the defendant was predisposed to commit the crime before

8   being contacted by government agents, or

9        2. the defendant was not induced by the government agents to

10  commit the crime.

11       When a person, independent of and before government contact, is

12  predisposed to commit the crime, it is not entrapment if government

13  agents merely provide an opportunity to commit the crime. In

14  determining whether the defendant was predisposed to commit the crime

15  before being approached by government agents, you may consider the

16  following:

17       1. whether the defendant demonstrated reluctance to commit the

18  offense;

19       2. the defendant's character and reputation;

20       3. whether government agents initially suggested the criminal

21  activity;

22       4. whether the defendant engaged in the criminal activity for

23  profit; and

24       5. the nature of the government's inducement or persuasion.

25       In determining whether the defendant was induced by government

26  agents to commit the offense, you may consider any government conduct

27  creating a substantial risk that an otherwise innocent person would

28  commit an offense, including persuasion, fraudulent representations,

1   threats, coercive tactics, harassment, promises of reward, or pleas
2   based on need, sympathy or friendship.

**INSTRUCTION NO. 46**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1

### <u>INSTRUCTION NO. 47</u>

2     Because you must base your verdict only on the evidence received

3 in the case and on these instructions, I remind you that you must not

4 be exposed to any other information about the case or to the issues

5 it involves.  Except for discussing the case with your fellow jurors

6 during your deliberations:

7     Do not communicate with anyone in any way and do not let anyone

8 else communicate with you in any way about the merits of the case or

9 anything to do with it.  This includes discussing the case in person,

10 in writing, by phone, tablet, computer, or by another means, via

11 email, text messaging, or any Internet chat room, blog, website or

12 other forms of social media.  This restriction applies to

13 communicating with your family members, your employer, the media or

14 press, and the people involved in the trial.  If you are asked or

15 approached in any way about your jury service or anything about this

16 case, you must respond that you have been ordered not to discuss the

17 matter and to report the contact to the court.

18     Do not read, watch, or listen to any news or media accounts or

19 commentary about the case or anything to do with it; do not do any

20 research, such as consulting dictionaries, searching the Internet or

21 using other reference materials; and do not make any investigation or

22 in any other way try to learn about the case on your own.

23     The law requires these restrictions to ensure the parties have a

24 fair trial based on the same evidence that each party has had an

25 opportunity to address.  A juror who violates these restrictions

26 jeopardizes the fairness of these proceedings, and a mistrial could

27 result that would require the entire trial process to start over.  If

28

any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 48

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 49**

    The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**<u>INSTRUCTION NO. 50</u>**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

1

**<u>INSTRUCTION NO. 51</u>**

2      If it becomes necessary during your deliberations to communicate

3 with me, you may send a note through the clerk, signed by any one or

4 more of you.  No member of the jury should ever attempt to

5 communicate with me except by a signed writing, and I will respond to

6 the jury concerning the case only in writing or here in open court.

7      If you send out a question, I will consult with the lawyers

8 before answering it, which may take some time.  You may continue your

9 deliberations while waiting for the answer to any question.  Remember

10 that you are not to tell anyone -- including me -- how the jury

11 stands, numerically or otherwise, on any question submitted to you,

12 including the question of the guilt of the defendant, until after you

13 have reached a unanimous verdict or have been discharged.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28